1  BLANK ROME LLP
   Sara L. Chenetz (SBN 206936)
2  chenetz@blankrome.com
   Cheryl S. Chang (SBN 237098)
3  chang@blankrome.com
   1925 Century Park East 19th Floor
4  Los Angeles, CA 90067
   Telephone:  424.239.3400
5  Facsimile:  424.239.3434

6  Attorneys for Plaintiff
   SONY PICTURES TELEVISION INC.

7

8              UNITED STATES DISTRICT COURT

9       CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

10

11  SONY PICTURES TELEVISION INC.,        CASE NO.
    a Delaware Corporation,
12                                         CV11-01277 CAS (PLAx)
                       Plaintiff,
13                                         COMPLAINT FOR:
          vs.
14                                         (1) BREACH OF CONTRACT
    MIRALUS INC. d/b/a MIRALUS
15  HEALTHCARE, a Wyoming                  (2) GOODS AND SERVICES
    Corporation; MIRALUS CANADA,               SOLD AND DELIVERED
16  INC. d/b/a MIRALUS HEALTHCARE,
    a Canadian Corporation; 9167-5819     (3) COMMON COUNT
17  QUEBEC, INC. d/b/a PG                      (ACCOUNT STATED)
    COMMUNICATIONS, a Canadian
18  Corporation; AMERSHIRE               (4) COMMON COUNT
    INVESTMENT CORPORATION, a                (OPEN BOOK ACCOUNT)
19  Wyoming Corporation; and DOES 1- 10,
    inclusive,                            (5) COMMON COUNT
20                                             (QUANTUM MERUIT)
                       Defendants.
21                                         (6) UNJUST ENRICHMENT

22

23

24

25

26

27

28
                              1
                          COMPLAINT

1    Plaintiff SONY PICTURES TELEVISION INC., ("SPT") for its Complaint

2  against Defendants MIRALUS INC. doing business as MIRALUS HEALTHCARE

3  ("Miralus US"), MIRALUS CANADA, INC. doing business as MIRALUS

4  HEALTHCARE ("Miralus Canada", and collectively with Miralus US, "MHC"),

5  9167-5819 QUEBEC, INC. doing business as PG COMMUNICATIONS ("PG"),

6  AMERSHIRE INVESTMENT CORPORATION ("Amershire"), and DOES 1-10,

7  inclusive, alleges as follows:

8                              **NATURE OF THE CASE**

9        This is an action for breach of contract and related claims.  SPT seeks

10  damages from MHC in the nature of payments due and owing for advertising and

11  broadcast services provided by SPT and invoiced to MHC.  SPT additionally seeks

12  damages against PG and Amershire (collectively, "Licensing Defendants") as

13  parties who benefited from SPT's broadcasts.

14                                **THE PARTIES**

15        1.     Plaintiff SPT is a corporation organized under the laws of Delaware,

16  having its principal place of business at 10202 W. Washington Blvd., Culver City,

17  California 90232.

18        2.     Defendant Miralus US is a corporation organized under the laws of

19  Wyoming, doing business as Miralus Healthcare, having its principal place of

20  business at 2710 Thomes Avenue, Suite 700, Cheyenne, Wyoming 82001.

21        3.     Defendant Miralus Canada is a corporation organized under the laws

22  of Canada, doing business as Miralus Healthcare, having its principal place of

23  business at 505 De Maisonneuve West, Montreal, Quebec, H3A3C2, Canada.

24        4.     Defendant PG is a corporation organized under the laws of Canada,

25  having its principal place of business in Las Vegas, Nevada.

26        5.     Defendant Amershire is a corporation organized under the laws of

27  Canada, having its principal place of business at 2710 Thomes Avenue, Suite 700,

28  Cheyenne, Wyoming 82001.

**COMPLAINT**

132985.01600/95035122v.2

6.     SPT is ignorant of the true names and capacities of defendants named herein as DOES 1-10, inclusive, and therefore sues these defendants by such fictitious names (MHC, Licensing Defendants and DOES 1-10, inclusive, are hereinafter collectively referred to as "Defendants").  SPT will amend this Complaint to allege the true names and capacities of such defendants when they are discovered.  SPT is informed and believes and on that basis alleges that each such defendant is responsible in some manner for the occurrence herein alleged and that SPT's damages as herein alleged were proximately caused by their conduct.

7.     SPT is informed and believes and on that basis alleges that Defendants, and each of them, are, and at all times mentioned herein were, the agents, parents, subsidiaries, affiliates, servants, employees, joint venturers, partners or alter egos of their co-defendants and were acting at all times within the course, scope, purpose and authority conferred upon that party by contract, approval or ratification, whether such authority was actual or apparent.

## JURISDICTION AND VENUE

8.     This Court has diversity jurisdiction over this controversy pursuant to 28 U.S.C. § 1332(a)(3) because the parties are completely diverse and the amount in controversy exceeds the $75,000 minimum jurisdictional requirement, exclusive of interest, costs and attorneys' fees.

9.     This Court has personal jurisdiction over MHC and Licensing Defendants because MHC and Licensing Defendants transact and do business within the State of California.  On information and belief, MHC and Licensing Defendants direct the advertising of their products to, market and sell their products in and otherwise conduct business in California.

10.     Venue is appropriate in this District pursuant to 18 U.S.C. 1391(c) because MHC and Licensing Defendants regularly conduct business in this District, and hence have contacts sufficient to subject it to personal jurisdiction in this District.

COMPLAINT

132985.01600/95035122v.2

## GENERAL ALLEGATIONS

11.     SPT is one of the television industry's leading content providers, producing and distributing programming in every genre, including series, telefilms, theatrical release and family entertainment around the world and for every platform: broadcast and cable television, first-run and off-network syndication and digital distribution. SPT's worldwide television networks embody 122 channel feeds, which are available in more than 140 countries reaching almost 438 million households worldwide.  SPT's advertising sales division is in the business of selling commercial airtime for broadcast of advertising alongside programming.

12.     SPT is informed and believes, and on that basis alleges that MHC is, and at all times mentioned herein was, in the business of marketing, promoting, selling and distributing pharmaceutical, cosmetic and dietary supplement products. Among the products marketed, promoted, sold and distributed by MHC are the topical or oral medications and supplements known as "HEADON," "PREFER ON," "RENEWIN," "ACTIVON" and "IMMUGO."

13.     SPT is informed and believes, and on that basis alleges that PG is, and at all times mentioned herein was, the registered owner of the trademarks "ACTIVON," "HEADON," and "RENEWIN."

14.     SPT is informed and believes, and on that basis alleges that Amershire is, and at all times mentioned herein was, the registered owner of the trademarks "PREFER ON," "ACTIVON," "HEADON," and "RENEWIN."

15.     SPT is informed and believes, and on that basis alleges that, at all times mentioned herein, Licensing Defendants licensed the use of their respective trademarks to MHC for use of the marks on the products marketed, promoted, sold and distributed by MHC.  As a result, MHC was expected to exploit the trademarks for the benefit of MHC and the Licensing Defendants.

16.     SPT entered into one or more agreements (collectively, the "Agreement") with MHC pursuant to which MHC agreed to purchase airtime on

- 4 -

**COMPLAINT**

SPT's syndicated programming to broadcast commercial advertisements for "HEADON," "PREFER ON," "RENEWIN," "ACTIVON" and "IMMUGO" products distributed by MHC.  SPT is informed and believes, and on that basis alleges that, these products bear trademarks licensed to MHC by Licensing Defendants.  Under the Agreement, MHC would request airtime for the advertisements during SPT's syndicated programs and SPT would then provide the airtime and invoice MHC for the airtime to be paid by MHC within 30 days.

      17.    Following entry of the Agreement, MHC began purchasing segments of airtime for commercial advertisement which were provided by SPT and invoiced with payment terms requiring payment within 30 days after the date of the invoice. The following invoices (the "Invoices"), which were issued for the broadcast of advertising alongside syndicated programming in the amounts as set forth below, came due between November 5, 2008 and February 6, 2009:

| PROGRAM | INVOICE NUMBER | Brand | $ per Unit |
|---|---|---|---|
| JEOPARDY! | 00135589 | ActivOn Joint & Muscle | 4,472.70 |
| JUDGE DAVID YOUNG | 00135634 | ActivOn Joint & Muscle | 1,054.00 |
| CRIME WATCH SERIES- | 00135677 | ActivOn Joint & Muscle | 1,348.10 |
| | | **ActivOn Joint & Muscle Total** | **6,874.80** |
| DA VINCI'S INQUEST | 00135533 | ACTIVON PATCH (PAIN RELIEF FOR JOINTS) | 390.18 |
| JUDGE DAVID YOUNG | 00135634 | ACTIVON PATCH (PAIN RELIEF FOR JOINTS) | 1,054.00 |
| CRIME WATCH SERIES | 00135677 | ACTIVON PATCH (PAIN RELIEF FOR JOINTS) | 1,348.10 |
| WHEEL OF FORTUNE | 00135920 | ACTIVON PATCH (PAIN RELIEF FOR JOINTS) | 4,996.30 |
| WHEEL OF FORTUNE | 00135920 | ACTIVON PATCH (PAIN RELIEF FOR JOINTS) | 4,996.30 |
| WHEEL OF FORTUNE | 00135920 | ACTIVON PATCH (PAIN RELIEF FOR JOINTS) | 4,996.30 |
| WHEEL OF FORTUNE | 00136081 | ACTIVON PATCH (PAIN RELIEF FOR JOINTS) | 2,179.40 |
| JUDGE DAVID YOUNG | 00136452 | ACTIVON PATCH (PAIN RELIEF FOR JOINTS) | 1,054.00 |
| JUDGE DAVID YOUNG | 00136452 | ACTIVON PATCH (PAIN RELIEF FOR JOINTS) | 1,054.00 |

**COMPLAINT**

132985.01600/95035122v.2

| | | | |
|---|---|---|---|
| 1 | JUDGE DAVID YOUNG | 00136452 | ACTIVON PATCH (PAIN RELIEF FOR JOINTS) | 1,054.00 |
| 2 | JUDGE DAVID YOUNG | 00136452 | ACTIVON PATCH (PAIN RELIEF FOR JOINTS) | 1,054.00 |
| 3 | CRIME WATCH SERIES | 00136505 | ACTIVON PATCH (PAIN RELIEF FOR JOINTS) | 1,348.10 |
| 4 | WHEEL OF FORTUNE | 00136540 | ACTIVON PATCH (PAIN RELIEF FOR JOINTS) | 2,179.40 |
| 5 | JUDGE KAREN MILLS | 00136652 | ACTIVON PATCH (PAIN RELIEF FOR JOINTS) | 1,087.15 |
| 6 | JUDGE HATCHETT | 00136668 | ACTIVON PATCH (PAIN RELIEF FOR JOINTS) | 1,506.20 |
| 7 | JUDGE HATCHETT | 00136668 | ACTIVON PATCH (PAIN RELIEF FOR JOINTS) | 1,506.20 |
| 8 | JEOPARDY | 00136688 | ACTIVON PATCH (PAIN RELIEF FOR JOINTS) | 4,472.70 |
| 9 | JEOPARDY | 00136688 | ACTIVON PATCH (PAIN RELIEF FOR JOINTS) | 4,472.70 |
| 10 | JEOPARDY | 00136688 | ACTIVON PATCH (PAIN RELIEF FOR JOINTS) | 4,472.70 |
| 11 | WHEEL OF FORTUNE | 00136776 | ACTIVON PATCH (PAIN RELIEF FOR JOINTS) | 4,996.30 |
| 12 | WHEEL OF FORTUNE | 00136776 | ACTIVON PATCH (PAIN RELIEF FOR JOINTS) | 4,996.30 |
| 13 | WHEEL OF FORTUNE | 00136776 | ACTIVON PATCH (PAIN RELIEF FOR JOINTS) | 4,996.30 |
| 14 | WHEEL OF FORTUNE | 00136776 | ACTIVON PATCH (PAIN RELIEF FOR JOINTS) | 4,996.30 |
| 15 | WHEEL OF FORTUNE | 00136776 | ACTIVON PATCH (PAIN RELIEF FOR JOINTS) | 4,996.30 |
| 16 | WHEEL OF FORTUNE | 00136776 | ACTIVON PATCH (PAIN RELIEF FOR JOINTS) | 4,996.30 |
| 17 | WHEEL OF FORTUNE | 00136776 | ACTIVON PATCH (PAIN RELIEF FOR JOINTS) | 4,996.30 |
| 18 | WHEEL OF FORTUNE | 00137132 | ACTIVON PATCH (PAIN RELIEF FOR JOINTS) | 4,996.30 |
| 19 | WHEEL OF FORTUNE | 00137132 | ACTIVON PATCH (PAIN RELIEF FOR JOINTS) | 4,996.30 |
| 20 | WHEEL OF FORTUNE | 00137132 | ACTIVON PATCH (PAIN RELIEF FOR JOINTS) | 4,996.30 |
| 21 | WHEEL OF FORTUNE | 00137132 | ACTIVON PATCH (PAIN RELIEF FOR JOINTS) | 4,996.30 |
| 22 | WHEEL OF FORTUNE | 00137132 | ACTIVON PATCH (PAIN RELIEF FOR JOINTS) | 4,996.30 |
| 23 | WHEEL OF FORTUNE | 00137132 | ACTIVON PATCH (PAIN RELIEF FOR JOINTS) | 4,996.30 |
| 24 | WHEEL OF FORTUNE | 00137132 | ACTIVON PATCH (PAIN RELIEF FOR JOINTS) | 4,996.30 |
| 25 | WHEEL OF FORTUNE | 00137132 | ACTIVON PATCH (PAIN RELIEF FOR JOINTS) | 4,996.30 |
| 26 | JEOPARDY! | 00137219 | ACTIVON PATCH (PAIN RELIEF FOR JOINTS) | 4,472.70 |
| 27 | JEOPARDY! | 00137219 | ACTIVON PATCH (PAIN RELIEF FOR JOINTS) | 4,472.70 |
| 28 | WHEEL OF FORTUNE | 00137332 | ACTIVON PATCH (PAIN RELIEF FOR JOINTS) | 2,179.40 |

- 6 -

**COMPLAINT**

132985.01600/95035122v.2

| | | | |
|---|---|---|---|
| | | **ACTIVON PATCH (PAIN RELIEF FOR JOINTS) Total** | **131,291.03** |
| JUDGE KAREN MILLS | 00135943 | HEAD ON | 1,087.15 |
| DA VINCI'S INQUEST | 00135987 | HEAD ON | 913.75 |
| JUDGE HATCHETT | 00136213 | HEAD ON | 1,506.20 |
| | | **HEAD ON Total** | **3,507.10** |
| JUDGE DAVID YOUNG | 00135867 | IMMUGO | 1,054.00 |
| JUDGE DAVID YOUNG | 00135867 | IMMUGO | 1,054.00 |
| WHEEL OF FORTUNE | 00135920 | IMMUGO | 4,996.30 |
| JUDGE KAREN MILLS | 00135943 | IMMUGO | 1,087.15 |
| JUDGE KAREN MILLS | 00135943 | IMMUGO | 1,087.15 |
| JUDGE HATCHETT | 00136213 | IMMUGO | 1,506.20 |
| WHEEL OF FORTUNE | 00136540 | IMMUGO | 2,179.40 |
| WHEEL OF FORTUNE | 00136776 | IMMUGO | 4,996.30 |
| WHEEL OF FORTUNE | 00136776 | IMMUGO | 4,996.30 |
| CRIME WATCH SERIES | 00137035 | IMMUGO | 1,348.10 |
| JUDGE KAREN MILLS | 00137056 | IMMUGO | 1,087.15 |
| JUDGE KAREN MILLS | 00137056 | IMMUGO | 1,087.15 |
| JUDGE KAREN MILLS | 00137056 | IMMUGO | 1,087.15 |
| WHEEL OF FORTUNE | 00137132 | IMMUGO | 4,996.30 |
| CRIME WATCH SERIES | 00137177 | IMMUGO | 1,348.10 |
| DA VINCI'S INQUEST | 00137274 | IMMUGO | 913.75 |
| JUDGE HATCHETT | 00137366 | IMMUGO | 1,506.20 |
| JUDGE HATCHETT | 00137366 | IMMUGO | 1,506.20 |
| JUDGE HATCHETT | 00137366 | IMMUGO | 1,506.20 |
| JUDGE DAVID YOUNG | 00137371 | IMMUGO | 1,054.00 |
| JUDGE DAVID YOUNG | 00137371 | IMMUGO | 1,054.00 |
| JUDGE DAVID YOUNG | 00137371 | IMMUGO | 1,054.00 |
| | | **IMMUGO Total** | **42,505.10** |
| WHEEL OF FORTUNE | 00135583 | MIRALUS | 2,179.40 |

**COMPLAINT**

| | | | |
|---|---|---|---|
| WHEEL OF FORTUNE | 00135583 | MIRALUS | 2,179.40 |
| WHEEL OF FORTUNE | 00135583 | MIRALUS | 2,179.40 |
| JEOPARDY! | 00135589 | MIRALUS | 4,472.70 |
| JEOPARDY! | 00135589 | MIRALUS | 4,472.70 |
| JEOPARDY! | 00135589 | MIRALUS | 4,472.70 |
| JEOPARDY! | 00135589 | MIRALUS | 4,472.70 |
| DA VINCI'S INQUEST | 00135533 | MIRALUS | 390.17 |
| JUDGE DAVID YOUNG | 00135634 | MIRALUS | 1,054.00 |
| JUDGE DAVID YOUNG | 00135634 | MIRALUS | 1,054.00 |
| WHEEL OF FORTUNE | 00135920 | MIRALUS | 4,996.30 |
| WHEEL OF FORTUNE | 00135920 | MIRALUS | 4,996.30 |
| JEOPARDY! | 00136189 | MIRALUS | 4,472.70 |
| | | **MIRALUS Total** | **41,392.47** |
| JUDGE DAVID YOUNG | 00135634 | PREFER ON | 1,054.00 |
| JUDGE DAVID YOUNG | 00135634 | PREFER ON | 1,054.00 |
| JUDGE HATCHETT | 00136213 | PREFER ON | 1,506.20 |
| JUDGE KAREN MILLS | 00136652 | PREFER ON | 1,087.15 |
| JUDGE KAREN MILLS | 00136652 | PREFER ON | 1,087.15 |
| JUDGE HATCHETT | 00136668 | PREFER ON | 1,506.20 |
| DA VINCI'S INQUEST | 00136736 | PREFER ON | 913.75 |
| WHEEL OF FORTUNE | 00136776 | PREFER ON | 4,996.30 |
| | | **PREFER ON Total** | **13,204.75** |
| WHEEL OF FORTUNE | 00135583 | RENEWIN (ARTHRITIS) | 2,179.40 |
| JEOPARDY! | 00135589 | RENEWIN (ARTHRITIS) | 4,472.70 |
| WHEEL OF FORTUNE | 00135920 | RENEWIN (ARTHRITIS) | 4,996.30 |
| WHEEL OF FORTUNE | 00135920 | RENEWIN (ARTHRITIS) | 4,996.30 |
| WHEEL OF FORTUNE | 00135920 | RENEWIN (ARTHRITIS) | 4,996.30 |
| JEOPARDY! | 00136189 | RENEWIN (ARTHRITIS) | 4,472.70 |
| JEOPARDY! | 00136688 | RENEWIN (ARTHRITIS) | 4,472.70 |

- 8 -

**COMPLAINT**

132985.01600/95035122v.2

| | | | |
|---|---|---|---|
| WHEEL OF FORTUNE | 00136776 | RENEWIN (ARTHRITIS) | 4,996.30 |
| WHEEL OF FORTUNE | 00136776 | RENEWIN (ARTHRITIS) | 4,996.30 |
| WHEEL OF FORTUNE | 00136776 | RENEWIN (ARTHRITIS) | 4,996.30 |
| WHEEL OF FORTUNE | 00136776 | RENEWIN (ARTHRITIS) | 4,996.30 |
| WHEEL OF FORTUNE | 00137132 | RENEWIN (ARTHRITIS) | 4,996.30 |
| WHEEL OF FORTUNE | 00137132 | RENEWIN (ARTHRITIS) | 4,996.30 |
| WHEEL OF FORTUNE | 00137132 | RENEWIN (ARTHRITIS) | 4,996.30 |
| WHEEL OF FORTUNE | 00137132 | RENEWIN (ARTHRITIS) | 4,996.30 |
| WHEEL OF FORTUNE | 00137132 | RENEWIN (ARTHRITIS) | 4,996.30 |
| WHEEL OF FORTUNE | 00137132 | RENEWIN (ARTHRITIS) | 4,996.30 |
| JEOPARDY! | 00137219 | RENEWIN (ARTHRITIS) | 4,472.70 |
| JEOPARDY! | 00137219 | RENEWIN (ARTHRITIS) | 4,472.70 |
| WHEEL OF FORTUNE | 00137332 | RENEWIN (ARTHRITIS) | 2,179.40 |
| | | **RENEWIN (ARTHRITIS) Total** | **91,674.20** |
| | | **Grand Total** | **330,449.45** |

18.     SPT issued each of the Invoices to MHC in accordance with the Agreement.  Each of the Invoices contained 30 day payment terms.  SPT provided commercial airtime to MHC as specified in each invoice which MHC used to broadcast commercial advertisements for "HEADON," "PREFER ON," "RENEWIN," "ACTIVON" and "IMMUGO" products.  However, MHC did not make payment on any of the Invoices.

19.     Each of the Licensing Defendants has directly benefited from advertisement, exposure and exploitation of their respective trademarks.

20.     SPT made multiple written and oral demands to MHC for payment on the outstanding Invoices between 2008 and 2010.  MHC responded by indicating payment was forthcoming and indeed made payments on prior invoices, not listed above, to bring down the overall amount due to SPT.

- 9 -

**COMPLAINT**

1    21.    Among other responses, on or about November 23, 2010, MHC

2    responded by acknowledging the unpaid Invoices and the balance of $330,449.45

3    due and owing to SPT.  MHC further stated that it would work diligently to

4    continue making payments to SPT.  Multiple additional demands and promises to

5    pay were made throughout 2010.  However, as the date of the filing of this

6    Complaint, MHC has not paid any of the balance now due to SPT.  MHC has

7    refused to pay despite SPT's repeated demands for payment.

8    22.    On or about January 6, 2011, SPT made a written demand to PG for

9    payment on the outstanding invoices for advertisements of "ACTIVON,"

10   "HEADON," and "RENEWIN" products totaling $274,739.60. As of the date of

11   the filing of this Complaint, PG has not paid any of the balance due to SPT.

12   23.    On or about January 6, 2011, SPT made a written demand to

13   Amershire for payment on the outstanding invoices for advertisements of

14   "ACTIVON," "HEADON," and "RENEWIN" products totaling $274,739.60. As of

15   the date of the filing of this Complaint, Amershire has not paid any of the balance

16   due to SPT.

17   24.    As of the date of the filing of this Complaint, $330,449.45 remains due

18   and owing to SPT for the outstanding Invoices.

19                          **FIRST CLAIM FOR RELIEF**

20                          **(Breach Of Contract)**

21            **(Against Miralus US, Miralus Canada and DOES 1-5)**

22   25.    SPT repeats, realleges and incorporates herein by reference,

23   paragraphs 1 though 24, inclusive, of this Complaint as if set forth in full.

24   26.    Pursuant to the Agreement and the Invoices, MHC is and was

25   contractually obligated to pay for the commercial advertisements broadcast on

26   SPT's syndicated programming within 30 days of the issuance of each of the

27   Invoices.

28

- 10 -

**COMPLAINT**

27.     At MHC's request, and pursuant to the Agreement and as specified in the Invoices, SPT broadcast all of the commercial advertisements ordered by MHC on SPT's syndicated programming. As such, SPT has performed all conditions, covenants and promises required on its part to be performed in accordance with the terms and conditions of the Agreement and the Invoices.

28.     MHC breached its Agreement with SPT by failing and refusing, and continuing to fail and refuse, to pay for each of the Invoices as they came due.

29.     As a direct and foreseeable result of MHC's breaches of the Agreement and Invoices, MHC currently owes SPT, and SPT has been damaged in the amount of $330,449.45 plus accruing interest and other charges as allowed by contract law.

## SECOND CLAIM FOR RELIEF

### (Goods and Services Sold and Delivered)

### (Against Miralus US, Miralus Canada and DOES 1-5)

30.     SPT repeats, realleges and incorporates herein by reference, paragraphs 1 though 29, inclusive, of this Complaint as if set forth in full.

31.     From October 6, 2008 through and until February 4, 2009, MHC became indebted to SPT for services, including the provision of commercial airtime on SPT's syndicated programming for the advertisements described above, which SPT provided and MHC agreed to pay the reasonable value of said services.

32.     MHC accepted the services provided by SPT and has and continues to benefit from the services.

33.     The reasonable value of such services is at least $330,449.45, which includes the amounts due and owing for the Invoices.

34.     SPT has demanded payment from MHC for the sum of $330,449.45, but neither the whole nor any part of the $330,449.45 due and owing to SPT has been paid, and there is now due and unpaid from MHC to SPT an amount not less than $330,449.45, plus interest at the maximum rate permitted by law.

- 11 -

**COMPLAINT**

**THIRD CLAIM FOR RELIEF**

**(Common Count – Account Stated)**

**(Against Miralus US, Miralus Canada and DOES 1-5)**

35.    SPT repeats, realleges and incorporates herein by reference, paragraphs 1 though 34, inclusive, of this Complaint as if set forth in full.

36.    Within the last four (4) years an account was stated in writing between MHC and SPT wherein it was agreed that MHC was indebted to SPT for broadcasts provided to MHC under the Agreement and the Invoices in a total amount of no less than $330,449.45 (the "Account").  No part of the Account has been paid, although demand has been made, and there is now due, owing, and unpaid from MHC to SPT the sum of no less than $330,449.45, plus interest at the maximum rate permitted by law.

37.    These amounts were stated in writing between the parties as set forth above on numerous occasions, including by and through invoices and statements through November 23, 2010 as set forth above.

38.    Although SPT demanded payment from MHC based on the Agreement, the Invoices and the Account, which MHC agreed to pay, MHC has failed to pay $330,449.45, found due and owing to SPT.

**FOURTH CLAIM FOR RELIEF**

**(Common Count – Open Book Account)**

**(Against Miralus US, Miralus Canada and DOES 1-5)**

39.    SPT repeats, realleges and incorporates herein by reference, paragraphs 1 though 38, inclusive, of this Complaint as if set forth in full.

40.    Within the last four (4) years, MHC became indebted to SPT on an open book account for money due in the total sum of no less than $330,449.45 for services provided to MHC under the Agreement and the Invoices for which MHC agreed to pay.

- 12 -

COMPLAINT

41.     Neither the whole nor any part of the above sum has been paid, although demand has been made, and there is now due, owing, and unpaid from MHC to SPT the sum of no less than $330,449.45, plus interest at the maximum rate permitted by law.

42.     SPT has incurred and will continue to incur attorneys' fees and costs in connection with this matter in an amount to be determined at trial.  SPT is entitled to recover its attorneys' fees and costs incurred pursuant to law, including under California Civil Code Section 1717.5.

## FIFTH CLAIM FOR RELIEF

### (Common Count – Quantum Meruit)

### (Against All Defendants)

43.     SPT repeats, realleges and incorporates herein by reference, paragraphs 1 though 42, inclusive, of this Complaint as if set forth in full.

44.     SPT successfully performed services for Defendants, including the provision of commercial airtime on SPT's syndicated programming for the advertisement of MHC's products and products bearing Licensing Defendants' trademarks, for which SPT has not been fully compensated.  Defendants knew that these services were being provided and approved and accepted the same and further promised to pay their reasonable value.  Further, Defendants used, enjoyed, benefited and profited from the services provided by SPT, and continue to do so.

45.     Although SPT has demanded that Defendants compensate SPT, Defendants have refused to compensate SPT for the fair and reasonable value of the services provided to them.

46.     These amounts were stated in writing between the parties as set forth above on numerous occasions, including by and through invoices and statements through January 6, 2011 as set forth above.

47.     The reasonable amount owed to SPT by Defendants is as follows:

    a.  MHC – $330,449.45

- 13 -

**COMPLAINT**

1        b. PG – $274,739.60

2        c. Amershire – $287,944.35

3    **SIXTH CLAIM FOR RELIEF**

4    **(Unjust Enrichment)**

5    **(Against All Defendants)**

6        48.    SPT repeats, realleges and incorporates herein by reference,

7    paragraphs 1 though 47, inclusive, of this Complaint as if set forth in full.

8        49.    By reason of the wrongful acts and omissions alleged herein, the

9    Defendants were unjustly enriched at the expense of and to the detriment of SPT.

10       50.    SPT seeks restitution from the Defendants, and seek an order of this

11   Court disgorging all profits, benefits and other compensation obtained by the

12   Defendants as a result of their wrongful acts and omissions

13       51.    These amounts were stated in writing between the parties as set forth

14   above on numerous occasions, including by and through invoices and statements

15   through January 6, 2011 as set forth above.

16       52.    The reasonable amount owed to SPT by Defendants is as follows:

17       a. MHC – $330,449.45

18       b. PG – $274,739.60

19       c. Amershire – $287,944.35

20   **PRAYER FOR RELIEF**

21       **WHEREFORE**, SPT prays for judgment against Defendants, and each of

22   them, as follows:

23       AS TO THE FIRST CLAIM FOR RELIEF (Breach of Contract):

24       1.    General, special and incidental damages against Miralus US, Miralus

25   Canada and DOES 1-5 in the sum of no less than $330,449.45;

26       AS TO THE SECOND CLAIM FOR RELIEF (Goods and Services Sold and

27   Delivered):

28

- 14 -

**COMPLAINT**

2. General, special and incidental damages against Miralus US and Miralus Canada and DOES 1-5 in an amount to be proven at trial;

AS TO THE THIRD CLAIM FOR RELIEF (Common Count – Account Stated):

3. General, special and incidental damages against Miralus US and Miralus Canada and DOES 1-5 in an amount to be proven at trial;

AS TO THE FOURTH CLAIM FOR RELIEF (Common Count – Open Book Account):

4. General, special and incidental damages against Miralus US and Miralus Canada and DOES 1-5 in an amount to be proven at trial;

AS TO THE FIFTH CLAIM FOR RELIEF (Common Count – Quantum Meruit):

5. General, special and incidental damages against all Defendants in an amount to be proven at trial;

AS TO THE SIXTH CLAIM FOR RELIEF (Unjust Enrichment):

6. General, special and incidental damages against all Defendants in an amount to be proven at trial;

ON ALL CLAIMS FOR RELIEF FOR:

A. Costs of suit incurred herein;

B. Attorneys' fees as allowed by law;

C. Pre-judgment and post-judgment interest at the maximum legal rate; and

D. Such other relief as the Court may deem just and proper.

DATED: February 10, 2011        Respectfully submitted,

BLANK ROME LLP

By: _____
SARA L. CHENETZ
CHERYL S. CHANG
Attorneys for Plaintiff
SONY PICTURES TELEVISION INC.

- 15 -

**COMPLAINT**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Christina A. Snyder and the assigned discovery Magistrate Judge is Paul Abrams.

The case number on all documents filed with the Court should read as follows:

## CV11- 1277 CAS (PLAx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [_] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [_] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

BLANK ROME LLP
Sara L. Chenetz (SBN 206936)
chenetz@blankrome.com
Cheryl S. Chang (SBN 237098)
chang@blankrome.com
1925 Century Park East, 19th Floor
Los Angeles, CA  90067
Telephone: 424-239-3400 / Facsimile: 424-239-3434

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONY PICTURES TELEVISION INC., a Delaware Corporation,<br><br>PLAINTIFF(S)<br><br>V.<br><br>MIRALUS INC. d/b/a MIRALUS HEALTHCARE, a Wyoming Corp.; MIRALUS CANADA, INC. d/b/a MIRALUS HEALTHCARE, a Canadian Corp.; 9167-5819 QUEBEC, INC. d/b/a PG COMMUNICATIONS, a Canadian Corp.; AMERSHIRE INVESTMENT CORPORATION, a Wyoming Corp.; and DOES 1-10 inclusive,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**CV11-01277** CAS (PLAx)<br><br><br><br>**SUMMONS** |

TO:DEFENDANT(S): MIRALUS INC. d/b/a MIRALUS HEALTHCARE, a Wyoming Corp.; MIRALUS CANADA, INC. d/b/a MIRALUS HEALTHCARE, a Canadian Corp.; 9167-5819 QUEBEC, INC. d/b/a PG COMMUNICATIONS, a Canadian Corp.; AMERSHIRE INVESTMENT CORP., a Wyoming Corp.; and DOES 1-10, inclusive,

   A lawsuit has been filed against you.

   Within twenty-one (21) days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Sara L. Chenetz and Cheryl S. Chang, whose address is BLANK ROME LLP, 1925 Century Park East, 19th Floor, Los Angeles, CA 90067.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:  FEB 1 0 2011

By: _____
                        Deputy Clerk

                (Seal of the Court)

[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].

American LegalNet, Inc.
www.USCourtForms.com

CIVIL COVER SHEET

**I. (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
SONY PICTURES TELEVISION INC., a Delaware Corporation

**DEFENDANTS**
MIRALUS INC. d/b/a MIRALUS HEALTHCARE, a Wyoming Corp.; MIRALUS CANADA, INC. d/b/a MIRALUS HEALTHCARE, a Canadian Corp.; 9167-5819 QUEBEC, INC. d/b/a PG COMMUNICATIONS, a Canadian Corp.; AMERSHIRE INVESTMENT CORPORATION, a Wyoming Corp.; and DOES 1-50, inclusive.

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
BLANK ROME LLP
Sara Chenetz (SBN 206936) / Cheryl S. Chang (SBN 237098)
1925 Century Park East, 19th Floor
Los Angeles, CA 90067
Telephone: 424-239-3400 / Facsimile: 424-239-3434

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question (U.S. Government Not a Party)

☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☒ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No    ☒ **MONEY DEMANDED IN COMPLAINT: $** 330,449.45

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE/ PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 61 HIA(1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities – Employment | ☐ 640 R.R.& Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | ☐ 446 American with Disabilities – Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW 405(g) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus- Alien Detainee | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

CV11-01277

**FOR OFFICE USE ONLY:**    Case Number:

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)

CIVIL COVER SHEET

Page 1 of 2

American LegalNet, Inc.
www.FormsWorkflow.com

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Sony Pictures Television Inc. – County of Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Miralus, Inc. – Wyoming<br>Miralus Canada – Canada<br>9167-5819 Quebec, Inc. – Canada<br>Amershire Investment Corporation - Wyoming |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| County of Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** Cheryl S. Chang    Date February 10, 2011

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

American LegalNet, Inc.
www.FormsWorkflow.com